## In re HALSELL.

(District Court, N. D. Texas. September 22, 1904.)

### No. 326.

**1. BANKRUPTCY—DISCHARGE—VARIANCE BETWEEN SPECIFICATION OF OBJECTION AND PROOF.**

A specification of objection to a bankrupt's discharge, on the ground that his books of account, which are referred to and produced, were purposely so kept as to conceal his financial condition, which charge was not sustained by the evidence, will not warrant a refusal of discharge on the ground that for some years prior to the bankruptcy the bankrupt did not keep any books of account.

In Bankruptcy. On exceptions to report of referee on contestation of the bankrupt's discharge.

Simmons, Tankersley & Clendenen, for the bankrupt.

MEEK, District Judge. The referee to whom was referred as special master the issue raised on the right of the bankrupt to his discharge recommends that it be not granted, for the reason that the bankrupt, with intent to conceal his financial condition, failed to keep books of account or records from which such condition could be ascertained. Section 14, par. b (2) of the bankruptcy act, as amended by Act Feb. 5, 1903, c. 487, § 14, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 416], provides as follows: The bankrupt shall be granted his discharge unless he has, "with intent to conceal his financial condition destroyed, concealed or failed to keep books of account or records from which such condition might be ascertained." The only specification having any reference to the books of account or records of the bankrupt is the first, which is as follows:

"The said R. K. Halsell, having been requested to produce his books of account and records from which the condition of his estate might be ascertained, has placed in the hands of Stuart Miller, the trustee, two books purporting to be all that he has showing the condition of his estate. Said books are presented herewith for the inspection of the court. The said City National Bank and J. Ullman would show that said books were so kept with intent to conceal his financial condition; that there cannot be ascertained therefrom the true condition of his estate. It is not shown by said books that said bankrupt is indebted to any person whomsoever."

The most liberal construction of this specification under the rules of pleading will not admit of it being construed to include a charge that the bankrupt failed to keep, in a sense of there being a total absence of, books of accounts or records from which his financial condition might be ascertained. The specification, while inartificially drawn, when read fairly and as a whole, complains simply of the manner in which the two books of accounts produced by the bankrupt were kept. The referee properly concludes that the charge the bankrupt kept the books he produced in the manner he did with intent to conceal, and so that his financial condition could not be ascertained therefrom, was not sustained. These books were commenced or opened in June, 1896, and the last entry relative to his cattle transactions, which was his chief business, was made in January, 1897, a year and six months before the bankruptcy act went into effect. The referee's findings upon which he recommends the bankrupt be denied his discharge relate wholly to the failure of the bankrupt to keep any books of account or records whatever since the bankruptcy act became effective, and while his affairs were involved, and he was in a failing condition. Under a specification properly raising this issue, and after full hearing of the evidence of the contesting creditors and bankrupt on such issue, the finding and conclusion of the referee might have been fairly indulged, but not on the issue as made.

The exceptions to the report of the referee on behalf of the bankrupt will be sustained, the bankrupt will be granted his discharge, and the costs of the contestation will be taxed against the contesting creditors.