In re HENDRICK.

(District Court, D. Connecticut. June 20, 1905.)

No. 1,357.

1. BANKRUPTCY—DISCHARGE—PLEADINGS.

On the hearing of specifications filed against a bankrupt's discharge, the bankrupt, though entitled to file papers in resistance of the specifications, is not bound to do so.

2. SAME—HEARING.

Where an application for a bankrupt's discharge was referred to the referee, as special master, to hear the facts and report his conclusions, and specifications of objection filed by creditors were not sufficiently specific, the master's duty was merely to report back to the court that nothing had been filed with him in the way of objections requiring the taking of testimony.

3. SAME—SPECIFICATIONS—AMENDMENT.

Specifications of objection to a bankrupt's discharge, filed before the referee, which were defective in form, may be cured by amendments not changing the substantial nature of the objections.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 716.]

In Bankruptcy.

Brown & Perkins and J. J. Desmond, for creditors.

B. M. Holden, for bankrupt..

PLATT, District Judge. The referee seems to have confused his functions. I have read the papers sent up to me pretty carefully, and I am unable to find that anything has transpired before him in the matter since March 2, 1905, which permitted him to avail himself of section 39 (5) of the bankrupt act, or authorized the bankrupt to ask him so to do. Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]. If such things can be done, hearings on discharges might become interminable.

Passing by the earlier entanglements which have cumbered this case, and which do not concern us now, it appears that the bankrupt applied for his discharge on March 2, 1905. That application was referred to Mr. Browning, the referee, as a special master to hear the facts and report to me his conclusions. This is the generally accepted method of procedure, and is a convenient one, because the referee knows the case.

After the usual preliminaries, certain creditors filed certain specifications. The case was then ready to be heard by the special master. The bankrupt had the right to file whatever papers he might see fit to file, but he was under no compulsion to file any. The specifications of objection required proof, and, until a sufficient quantity of proof had been presented to the master, no valid objection to a discharge existed, and no testimony should have been heard, except such as had for a foundation a valid specification of objection. The creditors were acting at their own risk when they filed their objections. If they were not sufficiently specific, the master's only duty was to report back to me that nothing had been filed with him in the way of objections which he thought required

him to take testimony. On the other hand, if the specifications did contain allegations which, if substantiated, would amount to a valid objection to discharge, it was his duty to hear the case and report.

It is supposed that the referee appreciated the situation, and has certified the questions involved before him as special master ex abundante cautione. In an ordinary case, the matter would be sent back without other comment than to call attention to the error, but the matter in hand is unusual, and, with the plain understanding that my action shall create no precedent, I will say a word about the specifications. The creditors have offered to file amendments which go to matters of form. I think that they are entitled to do this, if by so doing they shall not change the substantial nature of their objections. The paragraph marked "6" in the certificate sent to me is so framed as to constitute a valid specification of objection under subdivision 4 of paragraph 14 of the bankrupt act [U. S. Comp. St. Supp. 1903, p. 411], and, if nothing else were properly set forth, the hearing ought to proceed at once upon the issues there raised.

I have taken much pains to do something toward untangling the complexities which have insinuated themselves into what ought to have been a simple matter, and I shall hope that orderly procedure may now take the place of uncertainty.