## In re HENDRICK.

### (District Court, D. Connecticut. February 15, 1906.)

### No. 1,467.

BANKRUPTCY—CREDITORS—DISSOLUTION OF PARTNERSHIP—DISCHARGE — PERSONS ENTITLED TO OPPOSE.

Where a partnership which had proved a claim against a bankrupt estate was dissolved pending the proceedings, without any disposition of the claim being made as between the partners, no one could thereafter maintain objections to the bankrupt's discharge without showing affirmatively that all assented to the action.

In Bankruptcy. On application for discharge.
See 138 Fed. 473.

Benedict M. Holden, for bankrupt.
Brown & Perkins, for objecting creditors.

PLATT, District Judge. The report of the special master appointed to try the issues raised by the bankrupt's petition for a discharge, filed October 9, 1905, which recommends that the discharge shall be denied, is before me upon exceptions thereto filed by the bankrupt on December 8, 1905. The exceptions important to be considered at this time are those which in effect say that the master should have reported that there were no specifications of objection to the granting of the discharge filed by any creditor of the bankrupt, or by any person having an interest in his estate. The master's report evidently assumes that Allen, Worth & Co. still remain upon the record as objecting creditors. If that were not so, the report would not appear to be based upon any real contention, because it plainly shows that, although several objectors appeared at the outset, it has so happened, for one reason or another, that each one has vanished, until, as the master states, on August 23, 1905, the only objector remaining was Allen, Worth & Co. The report brings with it the entire record, and I deem it to be my duty to determine whether or not that record confirms the position which the master has taken.

The following facts are gathered from the record alone, without other suggestions: The bankrupt applied for his discharge February 28, 1905. Allen, Worth & Co., a copartnership, having three members, George A. Allen and Joseph C. Worth, of Norwich, Conn., and Adelbert B. Beeman of Fairfax, Vt., filed specifications of objection on March 29, 1905, acting therein by Allen and Beeman, two of the copartners. Such action was without doubt regular and proper. The firm was in existence and could act as it did. As late as July 20, 1905, George A. Allen, pretending to act for the firm, verified certain necessary amendments, and at his instance the specifications, so amended and verified, were refiled in the name of the firm. It appears, however, that on March 31, 1905, the firm of Allen, Worth & Co. was dissolved, and its going business taken over by the Allen-Beeman Company, a corporation. It further appears that, while the act of dissolution was in progress, the claim against this bankrupt was

discussed, and, being considered worthless by all three members, was charged off to profit and loss. It will be noticed that this action was taken two days after the specifications of objection had been filed by the firm.

The law seems to me very clear that after the dissolution of a firm, without special action regarding the accounts receivable, the late partners remain tenants in common of the joint effects and all must join in any action to recover debts due the late firm. Joint action is required to settle all matters left unsettled at the time of the dissolution. The right of either joint tenant to proceed depends upon the consent of the others. An objection to a bankrupt's discharge is certainly a proceeding analogous to that of collecting a debt. Any fraction of the joint ownership, less than the whole, must inevitably be inoperative and fruitless. The record does not show that any partner dissented from a continuance of the objecting specifications. Neither does it show that all the partners consented thereto. A painful silence exists on that point. I cannot refrain from finding, however, upon the facts which appear, as above recited, that after a dissolution, which treated this claim as it was treated, it became the duty of any member of the late firm, undertaking positive action toward collecting the whole or any part of the debt, to show affirmatively that he was acting in accordance with the wishes of all the joint owners of the claim. There was no affirmative proof of any such joint consent exhibited to the master, and I am therefore compelled to find that Allen, Worth & Co. do not appear in the case as objecting creditors. Since all other objectors have confessedly vanished, it follows that no one now appears in opposition.

I am frank to say that the effort exerted in reaching this conclusion is one of the most disagreeable tasks which has fallen to my lot since assuming my present position; but it is a situation forced upon me by the logic of the events, and one from which I cannot, doing justice to my own self-respect, escape. From what has been said, it must be clear that action herein proceeds upon the record, and includes nothing outside of the record. Therefore exceptions filed February 9, 1906, signed "Allen, Worth & Co., by Brown & Perkins, Their Attorneys," protesting against the action of the bankrupt in sending me a certain letter purporting to come from J. C. Worth, one of the late partners of the firm, have no bearing upon the issues decided. Those exceptions filed by the bankrupt which have been discussed are sustained, and for that reason alone the master's report is rejected.

If the court can be satisfied by affirmative proof that the three men who composed the late firm of Allen, Worth & Co. still continue steadfast in their opposition to the bankrupt's discharge, the recommendation of the master in that respect will be accepted, and the discharge denied. It would seem that 20 days is a reasonable time in which such proof may be exhibited. At the end of that time, if nothing shall transpire, the court will consider the incident closed.