In re WALDER.

(District Court, D. Connecticut. March 7, 1907.)

No. 1,388.

1. BANKRUPTCY—DISCHARGE—HEARING BEFORE SPECIAL MASTER.

A special master, on the hearing of objections to a bankrupt's discharge, must be governed solely and entirely by such legal evidence as may be admissible under the specifications.

2. SAME—BURDEN OF PROOF.

On the hearing of an application for the discharge of a bankrupt, the burden of proof to sustain the specifications of objection is upon the creditors who filed the same, and that burden never shifts.

3. SAME—EVIDENCE.

A referee, acting as special master in hearing objections to a bankrupt's discharge, has no legal right to consider any evidence which has been pre-

viously offered before him as referee, or to refuse to recommend a discharge upon the ground that, at some former hearing before him as referee, he, as such referee, may have formed some opinion upon some fact which would be sufficient to bar a discharge, unless such fact is legally established by proper evidence under the specifications.

In Bankruptcy. On report of special master on petition for discharge.

See 142 Fed. 784.

William A. Wright, for trustee.

Benjamin Slade, for bankrupt.

PLATT, District Judge. On June 15, 1905, the bankrupt filed in this court a petition asking for a discharge from all his debts in bankruptcy, which was in due course referred to Henry G. Newton, referee, as special master, to report thereon. Creditors were duly notified by the special master, and at the time appointed certain ones appeared, and, on July 7, 1905, filed specifications of objection to such discharge. Continuances were had until December 17, 1906, at 4 p. m., which time was definitely set for a hearing on said specifications of objection. Mr. William A. Wright, counsel for the objecting creditors, then appeared, and stated that his clients did not wish to proceed in the matter, and that he should not do anything more in relation to the opposition to the discharge. From the report before me it positively appears that nothing further was done by him or by his clients in support of said specifications. Not a scintilla of testimony was presented to the special master, bearing upon or in any way affecting the specifications. In fact, no witness was called and sworn before him for any purpose whatsoever.

In that situation the duty of the special master was plain. It was supposed that, after the lessons contained in my opinion in 138 Fed. 473, In re Hendrick, supplemented as they are by final action in the same case (143 Fed. 647), there would be a clear understanding among the referees as to the way to act when petitions for discharge should be referred to them as special masters. I recommend a careful examination of the two opinions cited, and cannot believe that, after such study, any one can entertain a reasonable doubt as to the course which he must pursue in such matters.

Counsel for bankrupt made certain claims of law before the special master which were inferentially overruled by the special master. They express sound law, and, although the Hendrick Case may be enough, some of these are so tersely and forcibly stated that I am impelled to insert them:

"(a) That the special master must be governed solely and entirely by such legal evidence as may be admissible under the specifications."

"(c) That the burden of proof to sustain the alleged specifications is upon the creditors that filed the same, and that burden never shifts."

"(f) That the special master, before whom these specifications are pending, has no legal right to refuse to recommend such discharge upon the ground that, at some former hearing before him as referee, he, as such referee, may have formed some opinion upon some fact which would be sufficient to bar a discharge, unless such fact or facts were legally established by proper evidence upon the specifications.

"(g) That such special master is by law prohibited from considering any evidence that has been offered before him as referee, and is further prohibit-

ed from concluding upon such evidence, or through any source whatever, that any of the facts mentioned in the specifications were legally established, in the absence of proper evidence duly admitted upon the hearing before him as special master upon the petition for a discharge, and the alleged specifications."

The court sympathizes with the special master, and is pained to feel that the bankrupt must go scot free. His case is a bad one; but, if the creditors do not care to press matters, no one can rightfully lay any blame upon either the court or the referee. To sustain the specifications in the way proposed would clearly deprive the bankrupt of his "day in court," and cannot be tolerated.

The recommendation submitted with the report is therefore rejected, but sufficient facts appear in the report to warrant an order of discharge.

Let the same be entered.