## In re WEINREB et al.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

### No. 252.

BANKRUPTCY—DISCHARGE—REFUSAL TO ANSWER MATERIAL QUESTIONS.

Under Bankr. Act July 1, 1898, c. 541, § 14b (6), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended in 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684]), which makes it a ground for refusing a discharge that the bankrupt "in the course of the proceedings in bankruptcy refused * * * to answer any material question approved by the court," no more formal approval is required from the referee than the overruling of objections, if any are made, and the allowance of the questions, and the refusal of a bankrupt on his examination to answer a question as to what was done with a large sum of money drawn by him from the bank a short time before the bankruptcy, is sufficient to warrant the refusal of a discharge, although after such objection to the discharge was made he offered to answer the question.

Appeal from the District Court of the United States for the Southern District of New York.

See 146 Fed. 243.

Max J. Kohler and Joel M. Marx, for appellant.

Joseph Rosenzweig, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The district judge refused discharge under the sixth subdivision of section 14b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), as amended in 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684]), which provides for a discharge unless it appears that the bankrupt "in the course of the proceedings in bankruptcy refused to obey any lawful order of or to answer any material question approved by the court."

The question related to a payment of $18,200 in cash which the bankrupts alleged they had made to a person to whom they claim that they were indebted on open account. Manifestly it was material. It was put to Weinreb on examination before the referee on January 27, 1904. No objection was made to it, but he refused to answer, on the ground that it would tend to degrade and incriminate him. The same question was put to Merker on February 17, 1904, under the same circumstances and with the same result. On March 15th each

bankrupt was again asked the same question. Objection was interposed on the ground that it was "incompetent, irrelevant, and im-. material," but the objection was overruled by the referee and the question allowed. Each bankrupt thereupon refused to answer, on the ground that it might tend to incriminate him. On March 14th specifications in opposition to discharge were filed; one of such specifications being the refusal to answer this question. Thereafter at a hearing before the referee on April 5, 1904, without notice to the objecting creditors, and in the absence of their counsel, the bankrupts signified their willingness to answer said question and gave the name of the person inquired about. Under these circumstances, we concur with the district judge in the conclusion that their original refusal was sufficient ground for denying discharge. We do not assent to the appellant's contention that any more formal action than the overruling of objections (if any are made) and the allowance of the question is required from the referee. Upon hearing on application for discharge, the bankrupt has the opportunity to argue before the judge that the question put to him was not material, and his rights are thus as fully protected as if the referee should certify the objections to the question to the court in the first instance.

The order is affirmed.