### In re LENWEAVER.

(District Court, N. D. New York. October 11, 1915.)

BANKRUPTCY ⟐415—DISCHARGE—MASTER'S REPORT—FINDINGS;

A report of a special master on objections to a bankrupt's discharge, with findings that when under examination he refused to answer questions, and that he had retained certain moneys, will be referred for specific and definite findings as to whether he had refused to answer any material question approved by the court, within Bankr. Act July 1, 1898, c. 541, § 14b, subsec. 6, 30 Stat. 550 (Comp. St. 1913, § 9598), whether he knowingly and fraudulently concealed from his trustee any property belonging to his estate in bankruptcy within section 29b (Comp. St. 1913, § 9613), and, if so, what property, and whether during the four months immediately preceding the filing of his petition he had transferred or

concealed any of his property with intent to hinder or defraud his creditors within section 14b (4).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. ☞415.]

In Bankruptcy. In the matter of Edward P. Lenweaver, bankrupt. Application for confirmation of report of special master to whom specifications of objection were referred, and who reports that the bankrupt is not entitled to a discharge. Matter referred back for specific and definite findings.

Campbell & Woolsey, of Canastota, N. Y., for objecting creditors.
Edward C. Hyle, of Syracuse, N. Y., for bankrupt.

RAY, District Judge. The special master to whom this matter was referred finds and reports that the bankrupt, when under examination, refused to answer questions, but does not find that such questions were material. As to retaining money, the special master finds that certain moneys have been retained by the bankrupt and not paid over; but he fails to find whether or not such moneys were concealed from the trustee in bankruptcy.

Under section 14b, subd. 6, to justify the refusal of a discharge on the ground of a refusal by the bankrupt to answer questions, it must appear that in the course of the proceeding in bankruptcy, and while being examined, of course, the bankrupt refused "to answer any *material* question approved by the court." It must appear that the court (referee in this case) approved the question propounded, and that then the bankrupt refused to answer, and that such question was material.

Under section 29b, it must appear that the bankrupt knowingly and fraudulently "concealed while a bankrupt, or after his discharge, from his trustee, any [some] of the property *belonging* to his estate in bankruptcy." If this bankrupt had in his possession property belonging to some third person, it would not deprive him of a discharge that he did not deliver it to such third person. Under section 14b (4), a discharge will be refused if the bankrupt, "at any time subsequent to the first day of the four months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed  *  *  * any of his property with intent to hinder, delay or defraud his creditors."

As the findings and report of the special master are not specific and definite on these subjects or questions, the matter will be referred back to the special master to make and report more specifically, viz.: (1). What were the questions which the bankrupt refused to answer, and were they or any of them, material, and were they first approved by the court at or during the examination? (2) Did the bankrupt knowingly and fraudulently conceal while a bankrupt from his trustee in bankruptcy any of the property belonging to his estate in bankruptcy, and, if so, what property? and (3) during the four months immediately preceding the filing of the petition did the bankrupt transfer, remove, destroy, or conceal any of his property with intent to hinder, delay, or defraud his creditors?

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In view of the specifications of objection to the discharge on file, it is impossible for this court to make a just and proper determination until the master has made and reported specific findings, the one way or the other, on these questions. I assume the omission was inadvertent, but, nevertheless, as the report and findings now stand, the conclusion of the special master that a discharge should be refused cannot be sustained.

There will be an order accordingly referring the matter back to the master for specific and definite findings as indicated.