### In re COOPER.

(Circuit Court of Appeals, Second Circuit. February 15, 1916.)

#### No. 154.

1. BANKRUPTCY ⊂⇒414(1)—APPLICATION FOR DISCHARGE—OBJECTIONS—BURDEN OF PROOF.

On the hearing of objections to a bankrupt's discharge on the ground that he had concealed from his trustee lots owned by him, and had made a false oath in omitting them from his schedules, where it appeared that he owned the lots at one time, it was for him to show that he had disposed of them before bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 720; Dec. Dig. ⊂⇒414(1).]

2. BANKRUPTCY ⊂⇒414(3)—APPLICATION FOR DISCHARGE—OBJECTIONS—SUFFICIENCY OF EVIDENCE.

Where the bankrupt testified that he had sold such lots prior to bankruptcy, but there was no witness as to the alleged sale except himself, and no corroborative evidence, the sale was not shown by satisfactory proof, and the objections to the discharge were properly sustained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 722; Dec. Dig. ⊂⇒414(3).]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Samuel Cooper, bankrupt. From an order denying a discharge to the bankrupt, he appeals. Affirmed.

Solomon S. Leef, of New York City, for appellant.
Morris Grossman, of New York City, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. There were two specifications of objection to discharge:

1. That bankrupt concealed from his trustee property consisting of two lots at Massapequa, Long Island, valued at $500.

2. That he made a false oath in omitting these two lots from his schedules.

[1, 2] The bankrupt admitted that he bought the lots seven or eight years before, for $500, payable in installments, and that he still owned them in August, 1912, when he filed a financial statement with R. G. Dun & Co. It was for him to show that he has disposed of them before bankruptcy. His story is that, needing some money for expenses in connection with his family and not wishing or not being able to draw it from the business, he sold the two lots for $200 in October,. 1912. To this alleged sale there is no witness except himself, and he introduced not a particle of corroborative evidence. We concur with Judge Hand in the conclusion that sale of the lots is not shown by satisfactory proof and that the objections above stated should be sustained.

Order affirmed.