## In re LEARNER.

District Court, D. New Jersey. Dec. 27, 1928.

Milberg & Milberg, of Jersey City, for bankrupt.

Harold Remington, of New York City, for objecting creditors.

BODINE, District Judge. This matter comes before the court on report of Referee George W. Porter recommending that the bankrupt be not discharged.

The first objection raised is that the reference was to George W. Porter as special master, and not as referee. If there be any substance in this objection, the order of reference may be amended.

My view of it, however, is that the reference to Mr. Porter as special master rather than as referee was proper under the law.

On January 24, 1927, the bankrupt filed his petition in bankruptcy. The schedules show total debts in excess of $10,000 and assets in excess of $8,000, consisting of $6,000 in stock and $2,000 in fixtures. On January 10, 1926, the bankrupt made a sworn financial statement to the Excelsior Shoe Company showing a net worth of $8,000. The merchandise was given at cost. On October 6, 1926, he made a statement to the same company showing a net worth of $8,000. He also gave a sworn statement to the United States Rubber Company showing a net worth of $9,100 at cost of stock. The schedules filed, within four months after these later financial statements had been made, show that his liabilities exceeded his assets at cost by $2,500. Some testimony was offered to show that he had met with losses, by reason of an unprofitable store. But he was out of the unprofitable store before the latter sworn financial statements were made, so that the referee correctly found that either the financial statements were false or the bankrupt had concealed assets from his trustee in bankruptcy.

On either horn of the dilemma, the action of the referee or special master was proper, and the discharge should be denied.

The petition to review will therefore be dismissed, with costs.