## In re ROTHMAN.

District Court, S. D. California, Central Division.

Nov. 17, 1930.

Craig & Weller, of Los Angeles, Cal., for trustee.

Hiram E. Casey, of Los Angeles, Cal., for Bankrupt.

HAZEL, District Judge.

The evidence before the master was, in my opinion, sufficient to warrant denying discharge to the bankrupt. Specification No. 3 (which for convenience I have considered first), relating to the deliverance by the bankrupt to the objecting creditor of a materially false financial statement, dated January 27, 1929, containing a statement of assets and liabilities which did not state various debts to his friends amounting to $1,000, and in reliance upon the truthfulness of which the objecting creditor extended credit to him, is proven. In the statement the total business assets were given at $13,305.85, and real estate valued at $35,000 as a fixed asset; while his current liabilities were given at $3,740.55, including merchandise sold on account, $2,000 indebtedness to the bank, mortgage on real estate $12,000. The bankrupt disputes that credit was extended in reliance upon the statement, but the testimony of Clark shows that a credit in excess of $2,000 was extended after the statement was received, and that the company would not have enlarged the credit if it had not relied on the financial representation. That the statement was false in its indication that the values of the real property over incumbrances was $23,000, when in fact it was not worth more than $8,000.

Specification 1, that the bankrupt failed to keep books of account from which his financial condition was discoverable, is also established. The evidence fairly shows that his failure in this particular was not justifiable, and indeed was an intentional omission to conceal his true financial condition. The facts upon which this conclusion is based need not be set forth in detail, since reference thereto may be had by examination of the report. On this application the bankrupt, as to the financial statement, contends that it simply covers business assets and business liabilities, as distinguished from personal obligations, but I perceive no merit in this rather subtle argument, notwithstanding the asserted admission, according to the testimony of the bankrupt, that Bowman, representing the objecting creditor, has made a mistake in increasing the credit. The evidence with relation to both specifications 1 and 3 shows a fraudulent intent on his part to obtain further credit and to conceal his real financial condition. I have made no reference to the disposal of the real estate mentioned in the statement, soon after the petition in bankruptcy was filed, since, as I understand it, a plenary action is pending in relation thereto, but the transaction indicates the trend of mind of the bankrupt and may be considered as bearing upon his fraudulent purpose with relation to specifications 1 and 2.

Counsel for the bankrupt, in opposition to affirmance of the master's findings, also urges that the master's report should be vacated and the bankrupt receive his discharge because the reference was erroneously to the

referee as master in chancery, while, under section 14b of the Bankruptcy Act (11 USCA § 32(b) the duty of granting or denying a discharge is imposed alone upon the judges of the District Court. An order of reference to the referee as master in chancery on filing specifications in opposition to discharge of a bankrupt is authorized by numerous authorities collected in Collier on Bankruptcy (13th Ed.) vol. 1, page 509. Whenever such a reference is directed, the master hears the witnesses and then reports to the judge his findings as to the facts and for determination of the issues. Several adjudications are drawn to my attention wherein it was ruled that reference to a master on application for discharge is unauthorized by section 14b of the act (11 USCA § 14(b) and General Order 12 (11 USCA § 53), but in none of the cited cases has it been held to be a ground for reversal of the findings, where the evidence was reviewed by the judge. See In rè Rubin (C. C. A.) 1 F.(2d) 157. And see In re Walder (D. C.) 152 F. 489. And in International Harvester Co. v. Carlson (C. C. A.) 217 F. 736, it was ruled that, where the application for discharge was referred to a referee to ascertain and report the facts, the report is deemed advisory only. So in either case, whether the reference is to the referee in bankruptcy or to a special master in chancery, it is the duty of the District Court to pass upon the issues whenever exceptions to a report are filed. This has been done in the instant case, and my conclusions on facts and law conform to those embodied in the report.

The exception to the report, with relation to exclusion of testimony, has been considered and is believed to be without merit.

The report of the master denying discharge to the bankrupt is affirmed.