## MORRIS PLAN BANK OF RICHMOND, VA., v. HENDERSON.
### No. 524.

District Court, M. D. North Carolina.
March 29, 1932.

I. C. Moser and T. A. · Burns, both of Asheboro, N. C., for opposing creditor.

HAYES, District Judge.

The Bankruptcy Act (section 14) in regard to discharges, section 32, title 11, USCA, makes it the duty of the court to discharge the bankrupt, unless he has committed one or more of the specified acts which bar the discharge.

In this case one of the creditors has filed specifications objecting to the discharge, for that he obtained money or property on credit by making a materially false statement in writing respecting his financial condition.

■ This circuit has adopted the rule that the Bankruptcy Act must be construed strictly against objector and liberally in favor of the bankrupt. Royal Indemnity Co. v. Cooper (C. C. A. N. C. 1928) 26 F.(2d) 585.

■ Likewise this circuit has pointed out that the burden on the objecting creditor is more exacting in preventing the discharge than is required, if the company is merely attempting to show that it has parted with property by reason of fraud practiced against it by the bankrupt. International Shoe Company v. Kahn (C. C. A. 4) 22 F.(2d) 131.

■ The bankrupt admitted making the written statement for the purpose of obtaining a loan of $750, and that he got the loan on the strength of it. In his written statement, he said he owned real estate of the value of $50,000 in May, 1930, and had an income of $10,000. He was examined before the referee, and testified that the statement was true; that the real estate cost him in excess of that amount. There was no evidence to the contrary, except he admitted that, when the property was foreclosed, it did not bring quite enough to pay off the liens, which amounted to $22,000. The foreclosure occurred in the latter part of 1931. This evidence fails to convince the court that the statement was materially false. Property seldom, if ever, brings under foreclosure a figure commensurate with its value. The court must take notice also of the universal depreciation in real estate values in this state during that period.

■ It is further urged that the bankrupt represented that he owed $22,300 secured by mortgages, and that he was not borrowing from other banks or loan companies. He was not asked if he owed other indebtedness on his cross-examination before the Referee—he admitted he owed Hood System a balance of $425. While the Hood System is a banking system, it is not so universally recognized, and it is not unreasonable to assume that it was omitted for that reason. But there is no evidence that the item was omitted with intent to deceive, or that the objector was in any way misled thereby. Bearing in mind that the application was for a loan of only $750, that the bankrupt valued his real estate at $10,000 less than cost, and listed $22,300 mortgages against it, and that the blank statement did not call for unsecured indebtedness, it is not believed that the small item of $425 had a particle of influence on the transaction, or was intended so to do.

■ To bar a bankrupt's discharge for the reasons assigned, it must appear that money or property on credit is obtained by means of a materially false statement in writing respecting his financial condition. It is not sufficient to show that the statement is incorrect in fact; it must be materially false. Generally, a false statement to obtain credit carries with it the idea of false pretense, to wit, a statement known to be false,·made with knowledge of its falsity, which is intended to deceive, and which in fact does deceive, and injury results therefrom. If, therefore, the bankrupt is required to obtain money or property by means of a materially false statement in writing respecting his financial condition, it would seem that every element of fraud is required. The creditor, apparently, was not

concerned about unsecured debts, except as elicited by the question whether the bankrupt was an indorser. The item omitted was so small as compared to his financial condition that the court is satisfied that its omission, under the circumstances here, did not constitute a materially false statement within the meaning of the act. In re Kerner (C. C. A.) 250 F. 993. It was not an item sufficient to produce any material effect on the extension of credit. It was not a materially false statement warranting the refusal of a discharge, and the order of discharge will be entered accordingly.