### In re SUGARMAN.
No. 22654.

District Court, E. D, New York.
March 10, 1933.

504

Kotzen, Mann & Siegel, of New York City, for objectant.

J. G. M. Browne, of Brooklyn, N. Y., for bankrupt.

CAMPBELL, District Judge.

This is a motion to confirm the report of the referee, which sustained the first and second specifications of objection to the discharge of the bankrupt, and recommended that the bankrupt be refused a discharge.

The first specification of objection charged that the bankrupt made a false statement in writing to the Reliance Investment Corporation, for the purpose of obtaining credit, and obtained credit thereon.

The second specification of objection charged that the bankrupt, in the course of proceedings in bankruptcy of the Sugarman's Department Store, Inc., of which corporation this bankrupt was secretary and treasurer, refused to answer material questions approved by the court, on the ground that the answer thereto might tend to incriminate him, in examinations held before Louis R. Bick, Esq., special commissioner, and Edward C. McDonald, Esq., referee, both duly and properly appointed by this court to hear testimony in the aforesaid bankruptcy proceedings.

There were three other specifications which it is unnecessary to further consider as the referee recommended the dismissal thereof, and no question was raised on the argument of the motion to confirm as to the referee's recommendation as to them.

The specifications of objections to the bankrupt's discharge were referred to the referee, and hearings were had before him on the said specifications.

This discharge is sought in the proceeding in bankruptcy of Henry Sugarman, individually, which was a separate and distinct proceeding from that in bankruptcy of the corporation, Sugarman's Department Store, Inc.

On the first specification, however, that is not of great moment in so far as the question of the financial statement is concerned, as the bankrupt Henry Sugarman said the statement in question was given by him before the corporation was fully organized, and was of his own and the corporation's assets and liabilities, and although apparently the credit was given to him, it would probably be sufficient to show that the credit was obtained by the bankrupt corporation, Sugarman's Department Store, Inc., in which the bankrupt owned a half interest. In re Dresser & Co. (D. C.) 144 F. 318, affirmed (C. C. A.) 145 F. 1021.

The first specification of objection is based on section 14b of the Bankruptcy Act as amended, now title 11, § 32(b), United States Code, 11 USCA § 32(b), so much of which as is necessary for consideration as to this objection reads as follows: "(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto * * * and investigate the merits of the application and discharge the applicant, unless he has * * * (3) Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition."

Generally, a false statement to obtain credit carries with it the idea of false pretense, namely, a statement known to be false, made with knowledge of its falsity, which is intended to deceive, and which in fact does deceive, and injury results therefrom. Morris Plan Bank of Richmond, Va. v. Henderson (D. C.) 57 F.(2d) 326.

Statement will bar discharge if (a) property was obtained on credit thereby, (b) the statement was materially false, and (c) was made for the purpose of obtaining such property on credit. Morimura, Arai & Co. v. Taback, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586.

Ordinarily, the statement would be offered in evidence.

That, however, was not done on the hearing before the referee on the specifications of objections to bankrupt's discharge in this matter, but I will pass over that, as the bankrupt admitted the making of the statement, the delivering of it to a creditor, and obtaining credit thereon.

All of this, however, did not prove that the statement was false, which must be shown.

Whatever evidence the objecting creditor may have had to show that the statement was false, there was no evidence offered on the said hearing or before this court which proves that the statement as a whole or any item thereof was false.

This objection was properly made by the attorney for the bankrupt on the hearing before the referee, and was renewed on the argument of this motion.

The only evidence received on the hearing before the referee, and now before the court, are the quotations of the bankrupt's testimony on hearings before the special commissioner and referee in the bankruptcy proceedings of the corporation Sugarman's Department Store, Inc., and his oral testimony on the hearing before the referee herein.

The referee properly required the attorney for the objecting creditor to read into the record such parts of such prior testimony as he offered (Collier on Bankruptcy [13th Ed.] p. 514), and that is the only portion of such prior testimony that is before me.

The only testimony taken on such prior hearings that was admissible was that of the bankrupt, and therefore no testimony taken before the commissioner or referee on prior hearings before the commissioner or referee in this or any other proceeding, of the accountant, was admissible, and, as I understand the record, it was not received.

■ No matter how strong may be the suspicion of the falsity of the statement, the burden of proof to show falsity rested on the objecting creditor. In re Boomgaarden (D. C.) 17 F.(2d) 149. The objecting creditor was bound to prove his allegations by a fair preponderance of the evidence. In re Slocum (C. C. A.) 22 F.(2d) 282.

The refusal of the bankrupt on prior hearings in bankruptcy proceedings of the corporation Sugarman's Department Store, Inc., to answer certain questions which were read into evidence on the hearing herein, as to the statement and items thereof, on the ground that it might incriminate him, did not prove that the statement was false.

The reason for the bankrupt asserting what he considered his constitutional rights was not of necessity because the statement was false, but because of a very different reason; and he testified on the said hearing on the specification of objections to discharge before the referee his reason for having claimed his constitutional right on said former hearings.

In addition to this on the said hearing before the said referee on the specification of objections to discharge, the said bankrupt testified that the said statement was 100 per cent. correct.

I am not unmindful of that portion of title 11, § 32(b), U. S. Code, 11 USCA § 32 (b), which reads as follows: "Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

■ This does not mean that the burden shifts to the bankrupt when the court has suspicion, but only when it has reasonable grounds to believe.

■ The referee cannot base his recommendation upon his recollection of facts which he learned previously, but his findings and recommendation must be based on the evidence received on the hearing on the objection to the discharge (In re Walder [D. C.] 152 F. 489; In re Murray [D. C.] 162 F. 983), and the court is confined to the evidence offered on such hearings (In re Hendrick [D. C.] 138 F. 473; In re Murray, supra; In re Walder, supra; In re Halsell [D. C.] 132 F. 562).

■ There was no evidence offered to show that schedules filed shortly after the making of the financial statement showed gross discrepancy, so that it was apparent that there had been either a false statement, or concealment of assets. In re Learner (D. C.) 29 F.(2d) 796.

The very fact that the corporation bankrupt allowed certain creditors to take back large quantities of goods before the making of a general assignment would tend to show a much better condition when the statement was made before that time.

As the bankrupt sold his business to the corporate bankrupt shortly after the statement was made, the books of the corporate bankrupt might have furnished evidence as to the truth or falsity of the financial statement, but no such evidence was offered.

The bankrupt, when called as a witness before the referee on the hearing of objections to discharge, was not on cross-examination asked any question as to any item embraced in the financial statement.

I find no evidence on which to base a reasonable ground to believe that said financial statement was materially false, and therefore the burden of proof did not shift to the bankrupt.

The second specification of objection is based on section 14b of the Bankruptcy Act as amended, now title 11, section 32(b), U. S. Code, 11 USCA § 32(b), so much of which as is necessary for consideration, as to this objection, reads as follows: "(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made

in opposition thereto * * * and investigate the merits of the application and discharge the applicant, unless he has * * * (6) in the course of proceedings in bankruptcy, refused to obey any lawful order of or to answer any material question approved by the court."

The bankrupt excepted to the last recited specification of objection with others upon the ground that they are insufficient in law upon the face thereof.

The exceptions to the specifications were overruled by Judge Galston of this court, who referred the specifications to the referee herein.

In re Lesser (C. C. A.) 234 F. 65, which is cited, was a case in which the objection was the commission of the offense of making a false oath, and not a refusal to answer.

On the argument of this motion, the attorney for the bankrupt again argued that the last-quoted specification of objection was insufficient in law upon the face thereof.

■ It seems to me to be unnecessary to further consider this objection, because, no matter what might be my opinion as to this specification, or what might be my decision if it was presented to me as a new question, I feel concluded by the decision of Judge Galston on the exception to the specifications as the law of this case.

There is no evidence that the bankrupt has refused to answer any questions in the proceedings under his individual bankruptcy.

All the evidence offered was as to questions put to the bankrupt when he was called as a witness in the bankruptcy of Sugarman's Department Store, Inc., of which corporation he was the secretary and treasurer and one-half owner.

Questions were asked of this bankrupt, Henry Sugarman, in the bankruptcy proceedings of the said Sugarman's Department Store, Inc., with reference to a financial statement, which he refused to answer on the ground that they might incriminate him.

The materiality of those questions in the proceedings in which they were asked seems to me to have been apparent, but the question now to be considered is, Were they approved by the court?

On the record on which my decision must be based, it does not appear that the objections were made to the competency, relevancy, or materiality of the questions, nor did the special commissioner nor the referee rule

thereon, and therefore In re Weinreb (C. C. A.) 153 F. 363, is not in point.

■ The portion of the testimony purporting to show a ruling of the special commissioner quoted by the attorney for the objecting creditor in his brief is not in evidence in this proceeding, and therefore cannot be considered by me. What occurred as appears from the record was that the questions were asked, the constitutional objection offered by the bankrupt, and no direction to answer was requested or given to answer the same.

This apparently was not sufficient to prove refusal to answer a question approved by the court. In re Lenweaver (D. C.) 226 F. 987.

■ While I appreciate that there is no requirement that a formal order by the commissioner or referee to answer the question be made, still it seems to me that, if a discharge is to be denied because of the refusal of this bankrupt to answer questions in another bankruptcy proceeding, on the ground that it might incriminate him, some act on the part of the commissioner or referee was required to show the court's approval of the question in the face of the apparent acceptance by both counsel and the special commissioner and referee of the said Henry Sugarman's refusal to answer on constitutional grounds.

This is more pronounced when you consider the evidence, from which it appears that, when the special commissioner in effect directed an answer, he secured it, as appears by the following questions and answers:

"Q. You submitted the statement to the Reliance Investment Co. for the purpose of procuring a loan from the Company? A. I refuse to answer. It might tend to incriminate me."

"The Commissioner: Isn't it a fact that these statements, regardless of what they contain, were submitted by you to the bank in addition to your statement for the purpose of getting credit?

"The Witness: Yes."

"Q. And the fact is that you did get $2,500 from the Reliance Investment Corp. isn't it? A. Yes."

Of course, it would be immaterial that the bankrupt subsequently answered the questions upon the hearing on specifications, if the refusal to answer had been in his own bankruptcy proceedings, but the refusal of the bankrupt to answer questions for which

it is sought to deny him a discharge herein was in another and separate bankruptcy proceeding of a corporation in which he was not the sole stockholder but had a one-half interest, and there has been no refusal by him to answer any question in his own bankruptcy proceeding, and he has explained the reasons that moved him to refuse to answer in the other proceeding.

On behalf of the objecting creditor, it is urged that the thought behind the section of the act in question is that, where there has been demonstrated by the moral turpitude of a bankrupt's conduct that he is unfit for general commercial intercourse, he should not be granted a discharge, citing In re Day (D. C.) 268 F. 871, 872.

While this statement is perhaps somewhat broader than the holding of the case cited, I have no doubt about the purpose of the section being "to preserve the discharge feature of the Bankruptcy Act from abuse, and deny its benefits to one who has shown himself unworthy of them in any of the ways specified in the section." In re Day, supra.

The difficulty with this case is that the evidence offered on behalf of the objecting creditor before the referee, in support of the specification of objections to discharge, is insufficient to show that the bankrupt has proven himself unworthy of the benefits of the section.

The motion to confirm the report of the referee is denied, and the bankrupt will be granted his discharge.

Settle order on notice.