In re HOCHBERG.

No. 18062.

District Court, W. D. Pennsylvania.

Nov. 21, 1936.

Raymond Sowash, of Greensburg, Pa., referee.

Kunkle, Walthour & Trescher, of Greensburg, Pa., for bankrupt.

Leonard Morris, of Pittsburgh, Pa., for objecting creditor, First Nat. Bank, Greensburg, Pa.

Lewis Caplan, of Pittsburgh, Pa., for objecting creditor, Commercial Inv. Trust.

SCHOONMAKER, District Judge.

The bankrupt petitioned for a discharge. Two creditors, i. e., the Trustees of the First National Bank & Trust Company of Greensburg, Pa., and Commercial Investment Trust, Inc., filed specifications of objections.

The case was referred to the referee in bankruptcy as special master to pass on these objections. He has filed his report recommending the dismissal of all the objections filed to the discharge of the bankrupt. The case now comes to the attention of this court on exceptions to the report of the special master.

The first specification of objection involved a false financial statement. This statement under the heading "Liabilities—notes payable to others" showed $2,980, whereas the true amount was at least $6,-300. Under the heading "Liabilities upon Customers' Accounts, Sold, Assigned or Pledged," the statement shows "None," whereas the true statement of this item would have been at least $4,907.34.

Under the heading: "Miscellaneous—Any Individual Debts not Included in the statement," the statement showed "No", whereas a true statement would have been at least $4400.00. Under the heading "Liabilities—Mortgages or Liens on Real Estate," the statement showed $5,000, whereas a true statement would have been at least $44,500. The statement in these particulars was admitted by bankrupt to be false and was so found by the special master. This statement was also rendered to the First National Bank & Trust Company of Greensburg. As to its materiality the special master has found as follows: "It can be reasonably contended that certain of these were concerning material matters, altho it is difficult for the referee to understand the materiality of some of the matters complained of—as for example, the matter of mortgages covering real estate which the bankrupt had not included in his financial statement, in the absence of clearer testimony relative to the bankrupt's obligations on bonds accompanying the said mortgages."

The special master has held that this false statement, although on material matters except possibly as to mortgage indebtedness, is not a bar to discharge, because the proofs did not show credit or extension of credit was obtained from the bank thereby. In this we believe he fell into error.

Arthur Humphrey, who is vice president of the bank and a member of the finance committee of the bank, and who had occasion to deal with the bankrupt in the matter of loans and extension of loans already made, testified that this financial statement was used by him and the officers of the bank "to arrive at a conclusion as to the right of Hochberg to borrow"; (Test. pg. 26), and, further, that after its receipt, this statement was the basis of all renewals. (Test. pg. 31).

The special master was of the opinion that this evidence was not sufficient to bar a discharge because it did not appear that the bank would have withheld credit, had it known the true facts. In this he fell into error, for the courts have held that partial reliance on a false statement is sufficient to bar a discharge. Mullen v. First National Bank of Ardmore (C.C.A.) 57 F.(2d) 711; In re Slohm (D.C.) 10 F.Supp. 351; In re Muscara (D.C.) 18 F.(2d) 606; In re Applebaum (C.C.A.) 11 F.(2d) 685.

The only possible opposing testimony to that offered by Humphrey was that of David Hudson, a vice president of the Union Trust Company, who became vice president of the First National Bank & Trust Company when that company took over the assets of the Union Trust Company. Hudson became vice president of the First National Bank & Trust Company and served on its finance committee. He testified that he would not say in the case of renewals, the financial statement of the person involved was considered; and in the case of this financial statement of Hochberg, he would not say it was considered 'as they were trying to get payments out of Hochberg. (Test. pg. 41). This hardly rises to the dignity of conflicting testimony to that of Humphreys, who testified that he had charge of all loans other than real estate loans, and that in such capacity he had occasion to deal with Hochberg as to extension of his loans; that in so doing he used this financial statement, and that all renewals were made on the strength of it.

Our conclusion is that this objection should be sustained, because it is established by the clear weight of testimony that this false statement was made for the purpose of obtaining credit, and that credit in the matter of extensions of loans was in fact made in reliance upon it. This ex-ception to the special master's report will be sustained.

The second specification deals with the refusal of bankrupt to answer material questions. The special master has recommended the dismissal of this specification, because the specific questions were not approved by the referee. It does appear, however, that when a question was propounded to the bankrupt on the same matter covered by the specific questions, he refused to answer. The bankrupt made the following objection:

"2. Is there a record in your books showing what moneys you collected on C. I. T. Corporation accounts which you did not pay over to C. I. T. Corporation?

"Mr. Eicher: This is objected to as incompetent, irrelevant and immaterial and only done preparing for a criminal case.

"The Referee: Objection overruled. Let the question be answered."

Then follow particular questions relating to the C. I. T. matter which the bankrupt refused to answer.

Our conclusion is that the refusal to answer these questions would be a bar to bankrupt's discharge, for as we view the law, no more formal approval is required of the referee than the overruling of the objection to this line of questioning, which he did when the subject first came up. In re Weinreb (C.C.A.) 153 F. 363.

The third specification of objection goes to the false oath of the bankrupt, in that he failed to state in his schedules that Hamburg Brothers, a creditor, held diamond rings as security. The special master recommends a dismissal of this objection, because this particular omission was not such an intentionally false averment as to justify the refusal of his discharge. The only excuse of the bankrupt for not listing this item was that he overlooked it. However, when examined at the first meeting of creditors, the bankrupt, when asked whether he had given security to any creditor, answered he did not believe he had, but when asked further on the subject, admitted giving some diamonds to Hamburg Brothers, because they threatened to close him up on a judgment note. It is strange that if he had been forced to give up diamonds to prevent his store being closed, he would not have remembered it.

■ The fourth specification of objection charges the fraudulent concealment of money realized from a lawsuit. The special master recommended the dismissal of this objection because of insufficient evidence to support it. Yet when we turn to the bankrupt's examination at the first meeting of creditors, we find him admitting that he received $2,589 within a month and a half prior to the filing of the bankruptcy petition in settlement of a lawsuit; that he collected the check received for this amount in cash; that no part of it went into his bank account; that no payments were made to business creditors out of this money, with the possible exception of one in the sum of $100; that he made payments to relations for money owing to them. (Test. p. 9 to 25).

These admissions of the bankrupt are sufficient, in our opinion, to show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt was concealing this asset, which would prevent his discharge and place on the bankrupt the burden of proving that he has not concealed any assets. Section 14 of the Bankruptcy Act, as amended by Act of May 27, 1926, § 6, 11 U.S.C.A. § 32; In re Cooper (C.C.A.) 230 F. 991; In re Perlmutter (D.C.) 256 F. 862; Heilbronner v. Dinkelspiel Co. (C.C.A.) 20 F. (2d) 93; In re Sperling (C.C.A.) 72 F. (2d) 259. This burden the bankrupt has not met.

■ The fifth specification deals with another charge of concealment of assets, i. e., Twelve shares of stock in Hochberg's Inc. As to this specification also, the special master submitted a recommendation of dismissal for lack of evidence. But here also he overlooks the testimony at the first meeting of creditors, where it appears (Test. pg. 47, et seq.) that the bankrupt assigned ten shares of this stock to one brother-in-law, and two to another, within a few months of bankruptcy, for one-half of what he paid for it a few months before. This, too, was sufficient, in our judgment, to put upon the bankrupt the burden of showing by satisfactory evidence that they were bona fide sales. This he has not done.

■ The ninth specification also is in the category of objections which the special master was of the opinion should be dismissed for want of evidence. It charges failure to explain the difference in assets to meet liabilities. This objection is based in part on the facts in specifications fourth and fifth, which we have held sufficient to bar a discharge. In part also it is based on the charge that bankrupt has failed to explain satisfactorily a shrinkage of assets in the approximate amount of $138,244.33. This amount is arrived at by comparing bankrupt's own statement of his financial worth on December 31, 1931, and the assets listed in his bankruptcy schedules.

Thus, in our view, creditors made out a prima facie case which bankrupt must by satisfactory evidence explain away. In re Gerson (D.C.) 35 F.(2d) 539; In re Learner (D.C.) 29 F.(2d) 796. This he failed to do. This specification of objection should be sustained.

We, therefore, sustain the exceptions to the special master's report, and also sustain specification of objections numbered 1, 2, 3, 4, 5, 9, and will deny bankrupt's petition for discharge. An order may be submitted accordingly.

Since the argument of this case on exceptions to the special master's report, the Commercial Investment Trust, Inc., has asked leave to amend its specification of grounds of opposition to discharge, in that he made a false oath and account in, and in relation to the proceedings in bankruptcy, in that he swore in his schedules on the 2d day of February, 1933, Schedule A, Form No. 3, that he owed a certain debt to Clara Hochberg, and others. This objection we have not passed upon, and do not deem it necessary to do so, because, as we view it, the specifications already filed are sufficient to bar the discharge.