**In re ERNST.**

No. 35284.

District Court, E. D. New York.

Feb. 17, 1939.

Duberstein & Schwartz, of Brooklyn, N. Y., for bankrupt.

Goddard & Leighton, of New York City, for objecting creditor.

GALSTON, District Judge.

The objecting creditor filed specifications opposing the application for a discharge made by the bankrupt. In substance they allege that the bankrupt, on May 25, 1937, in order to obtain money or credit from the National City Bank of New York, in violation of Section 14b (3) of the Bankruptcy Act, 11 U.S.C.A. § 32(b) (3), made a materially false statement in writing respecting his financial condition. A similar specification recites the making of a false statement by the same bankrupt and for the same purpose, on January 27, 1938.

It is alleged that the first transaction related to a loan of $156 by the bank to one William Schwartz and that with the application of Schwartz for a loan there was made and delivered to the bank a co-maker's statement, in which the bankrupt represented that he was the president and manager of Robert Ernst, Inc., with a salary or income of $5,000 per year and that there were no judgments against him. It is alleged that such representations were false.

The allegations concerning a statement made on January 27, 1938, are to the effect that the bankrupt again made a co-maker's statement to induce the loan of $156 to one Joseph Frank and that in such statement he falsely set forth that he was the treasurer and general manager of Long Life Auto Spring Co., Inc., at a salary of $4,500 per year and that there were no judgments against him.

The Referee's report shows that the bankrupt did not receive any part of the Schwartz loan. It is conceded that the loan has been repaid to the Bank and the representative of the Bank testified that the loan to Schwartz was not obtained by the bankrupt through the financial statement of the bankrupt as a co-maker. In the matter

of the Frank transaction the Referee found that the financial statement related to the affairs, not of the bankrupt, but of one Joseph H. Frank, and accordingly recommended that the specifications of objection to the discharge be dismissed.

The matter comes before this court on a motion to confirm the Referee's report.

The bankrupt admitted that at no time did he receive a compensation at the rate of $5,000 a year, nor during the year 1937 remuneration of $4,500 a year or even approximately that amount. Conceding then the falsity of the representations made in his statement, should he be barred from a discharge?

Flynn, an employee of the credit department of the National City Bank, testified that he had approved the loan to Schwartz. He testified that an investigator had checked Robert Ernst, Inc., and on the basis of the Dun & Bradstreet rating of that corporation, and in view of the fact that Ernst was president, the bank felt that he was good for the amount of the Schwartz loan.

De Cristoforo, another employee of the credit department of the National City Bank, testified from an examination of the bankrupt's statement in the matter of the Frank loan, that the various check marks indicated to him that the corporation was checked with Dun & Bradstreet, the telephone number was checked and the bank account of the corporation and the signatures. Batcheller, who approved the loan, had not made the investigation. The papers came to him with the check marks of the investigator.

From the foregoing it must be concluded that the Bank did not investigate all of the matters contained in the bankrupt's statements and apparently relied only on the information checked by its investigators. It is quite clear too that the Referee was correct in finding that the National City Bank was not deceived by the statements made to it by the bankrupt nor injured in any respect thereby. The proof in this case in support of the specifications falls short of the tests indicated in Re Henry Sugarman, D.C., 3 F.Supp. 502; In re Day, D.C., 11 F.Supp. 400; In re Jaffe, 2 Cir., 20 F.2d 370; In re Little, 2 Cir., 65 F.2d 777.

The report of the Referee will be confirmed.

Settle order on notice.