Circuit Court of Appeals, Sixth Circuit.

Oct. 12, 1945.

Hobart F. Atkins, of Knoxville, Tenn., for appellant.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn., for appellee.

Before ALLEN and MARTIN, Circuit Judges, and RAYMOND, District Judge.

## In re KOLB et al.
### No. 94.

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1945.

Krause, Hirsch, Levin & Heilpern, of New York City (Elliot L. Krause, of New York City, of counsel), for objecting creditors-appellants.

Harold M. Geller, of New York City, for bankrupts-appellees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The questions were undoubtedly material. The sole issue is whether the refusal to answer, without any previous approval by the Referee, is sufficient to deny the bankrupts their relief. Appellants contend that the bankrupts, in failing to object to the questions when asked, conceded their materiality, and waived the express approval by the Court. We think the District judge was correct in rejecting this contention and in concluding that "it is the obligation of the examiner to have the form and the merits of the question on which the right to a discharge may subsequently depend approved by the court, once reluctance to answer is asserted. It is not impossible that a mere ruling by the court might curb the persistence of the witness in his refusal to answer." Before any penalty is imposed on such refusal, there should be at least some indication of the Court's approval of the question posed. A bankrupt need not decide the issue of materiality at his peril.

In re Weinreb, 2 Cir., 153 F. 363, has no application here; as correctly interpreted by the District judge, it dealt with a case where the bankrupt had refused to answer after the Referee had ruled that he should.

Affirmed.