## In re HORWITZ.

## HORWITZ v. A. WIMPFHEIMER & BRO., Inc.

### No. 6201.

Circuit Court of Appeals, Seventh Circuit. Oct. 21, 1937.

Rehearing Denied Nov. 15, 1937.

Harry Freeman, of Chicago, Ill., f. appellant.

Millard C. Eiseman, of Chicago, Ill., fc appellee.

Before EVANS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal by the bankrupt from an order sustaining objections to his discharge. The specifications charged, first, that the bankrupt had "destroyed, mutilated, falsified, concealed or failed to keep books of account or records from which his financial condition and business transactions might be ascertained," and that such failure and acts were not justified under the circumstances of the case; and, second, that the bankrupt had "failed to explain satisfactorily the deficiency of assets to meet his liabilities."

The referee, to whom the petition for discharge and specifications were referred, reported that, upon the evidence as a whole, he was of the opinion that the bankrupt kept necessary and proper books and made them available to the trustee; that the bankrupt had made a reasonable explanation of an apparent deficiency, and that neither specification had been sustained. Upon review, the court ordered that exceptions to the report be sustained, the objections allowed, and the discharge denied.

Appellee admits that the bankrupt kept a complete set of books, consisting of a general ledger, accounts receivable and accounts payable ledgers, sales book, cash book, purchase journal and sales journal, and that these books were produced before the referee on November 22, 1935, at the

time an offer of composition was considered.

The bookkeeper testified that from the books of original entry, such as the journals and cash book, entries were posted to the three ledgers; that in the general ledger were recorded all expenditures for advertising, commissions, general expenses, insurance, interest, light, telephone, prepaid rent, bad debts and similar debits and credits, and that the books reflected accurately the details of the bankrupt's actual financial transactions.

It is contended by the appellee, however, that the fact "that the bankrupt produced a complete set of books at one hearing, viz., the one in connection with the offer of composition, does not prevent his being guilty of concealment, since he never produced them thereafter and gave no satisfactory or credible explanation of his failure to do so." In other words, it is insisted that the bankrupt should be denied his discharge, though he kept books from which his true financial condition could be ascertained and though he produced them at the time of the composition hearing, because he did not thereafter produce them.

The evidence is wholly uncertain as to what became of the books after they were first produced. We have searched the record in vain to determine, if possible, what disposition was made of them, and can conclude only that no one knows. The trustee demanded the books; they were produced at the hearing; the record is wholly silent as to whether, thereafter, they remained in the trustee's possession or were returned to the debtor. The trustee could not find them. The trustee's attorney could not locate them. The bankrupt testified that he never saw them after he produced them at the hearing, and no other witness was able to throw any light upon their whereabouts.

This uncertain state of facts does not justify a finding that the debtor has violated the statute in the particular complained of in the specification under consideration. Provisions of the bankruptcy act relating to the discharge are to be construed liberally toward the bankrupt, and he should be discharged unless the statutory objection is made out clearly. The proof before us does not constitute a clear showing that the bankrupt has failed to comply with the statute.

The proof upon the second specification is of no more satisfactory character. This objection is grounded upon the fact that there is a discrepancy of some $19,000 between a financial statement made by the bankrupt in May, 1935, and his statement of assets and liabilities contained in his schedules, some four and a half months later. In other words, there is no direct evidence that the debtor has concealed any of his property, or that the apparent deficiency is one in fact or, if real, was caused by any illegal act upon his part.

Approximately $5,500 of this difference is due, according to the undisputed evidence, to uncollectible accounts receivable or bad debts. The evidence indicates rather clearly that the business of jobbing dresses is sharply controlled by the seasons; that during the period in question bad weather interfered with sales; that in order to dispose of his merchandise the bankrupt was forced to sell at a loss; that his creditors were pushing him; that he gave them postdated checks and took substantial losses on sales, due to the unseasonable weather, in order to procure funds to meet the checks as they matured. He testified that his purchases totaled $48,000 in 1935, and his sales $52,000, but that his expenses and losses were approximately $21,000.

If this testimony be true, the debtor should not be denied his discharge because of an alleged unexplained discrepancy. It is argued that the circumstances are such as to destroy his credibility, but the referee, before whom he testified and who had the opportunity of observing him upon the witness stand, concluded that he had made a reasonable explanation and that the specifications should not be sustained, saying that no adequate or substantial proof had been submitted.

We have examined the evidence and we are of the opinion that his conclusion was correct, and, there being an absence of clear proof sustaining the objections, that the discharge should be granted. Accordingly, the order of the District Court is reversed, with directions to proceed in accord with this decision.