## TEXAS NAT. BANK OF BEAUMONT v. EDSON.*
### No. 8941.

Circuit Court of Appeals, Fifth Circuit.
Jan. 4, 1939.

*Rehearing denied Feb. 27, 1939.

Geo. A. Weller and E. L. Nall, both of Beaumont, Tex., for appellant.

Lamar Cecil, of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellee was adjudged a bankrupt on November 20, 1936, his schedule showing liabilities in excess of $400,000, and assets, over his exemptions, of slightly less than $7,000. Petition for discharge was filed on December 31, 1936, to which specifications of objections were duly filed by appellant. Two grounds of objection were specified: First, that appellee failed to keep books of account or records from which his financial condition and business transactions might be ascertained, and second, that appellee failed to explain loss of assets.

At the first meeting of creditors, appellee testified that, in 1931, he had assets of over a million dollars; that he had organized and controlled the Edson Hotel Company which owned, and the affiliated company which operated, a large hotel; that he had large holdings in stocks and bonds through his market operations; that, during 1931 and 1932, the value of his stocks declined so that his equities therein were absorbed and his brokerage accounts closed; and that the Hotel Company failed completely, causing him the loss of his entire investment.

As to the alleged failure of appellee to explain his loss or deficiency of assets, we find no basis upon which to criticize the holding of the district court that the explanation given was satisfactory. This is especially true in view of the fact that, when questioned about various transactions, the details of which he could not remember, he gave references to sources where accurate information could be obtained. Thus we pass to the consideration of his failure to keep records, which seems to be the real source of controversy.

At the hearing on the objections to the discharge, appellee testified that at no time did he ever undertake to keep a set of books on his business operations; that he relied entirely upon the books of the Hotel Company, of the various banks with which he did business, and of the brokerage firms which handled his stock transactions; that, after he lost his fortune in 1932, he had no bank account, bought no securities, and had no interest in the hotel;

that he had no income except small salaries from certain corporations, and money given him by his mother; that he transacted no business other than to borrow money from certain relatives, and, through the use of their credit, from certain banks; and that full, complete, and detailed information concerning these transactions could be obtained from the parties concerned.

Appellee knew nothing about bookkeeping or accounting. In the course of the proceeding on his petition for discharge, he produced the bank and brokerage statements covering his accounts prior to 1932, except a few which had been lost or inadvertently destroyed. These documents were basic information upon which books or records could have been set up, except for the gaps made by the missing statements. It was found by the court that appellee did not transact business for anyone else, and did not mingle the funds or assets of others with his own. On the conclusion of the hearing, the court found that appellee's failure to keep books and records was justified under all the circumstances, and that the discharge should be granted.

■ This case comes within the provision of Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, which provides that the court shall grant the discharge unless satisfied that the bankrupt has "failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case." That the books and records were not kept, clearly appears from the fact that, for the period covered by the statements, certain basic information was missing, and that no record whatever was kept for a period of almost four years. The grant of the discharge, therefore, is dependent upon the finding of the court that the failure to keep books was justified "under all the circumstances of the case." In the determination of this question, it is evident that Congress intended that the district court should exercise a wide discretion. If the facts do not disclose a positive duty to keep the books and records, or, disclosing such a duty, there appears to be sufficient

ground to warrant a finding of extenuating circumstances, an order of discharge should not be disturbed on appeal. Conversely, a denial of discharge should not be disturbed unless arbitrary or clearly unjust. Within this range of sound judicial discretion, the district court must interpret the facts and apply the rules of reasonable conduct in the light of business as well as judicial experience, to the end that the purposes of the Bankruptcy Act may be subserved.

■ The validity of such a grant of discretionary power was challenged in Koufman v. Sheinwald, 1 Cir., 83 F.2d 977. In that case, the court compared the test to the standard of care in tort cases. In like manner, the greatest weight must be attached to the findings by the trial court upon issues of fact. It would have burdened appellee excessively to analyze and incorporate into permanent records the basic information contained in the statements above mentioned. This burden would have been out of proportion to the benefit to be obtained by anyone other than himself on his petition for discharge. It may not be unreasonable for one to launch a highly speculative venture, expecting to perfect records at a later time if the venture succeeds, only to abandon it entirely when it fails. The circumstances in which there was a failure to keep records may be taken into consideration by the district court in determining whether or not a bankrupt has discharged the duties imposed upon him, fulfillment of which is made a condition precedent to the granting of a discharge.

■ We do not find that the district court has ignored any reason which would compel the keeping of books or records as a condition to granting relief. It does not appear that the court gave undue weight to any circumstance, or that its finding of justification was based on irrelevant matter. The case is one in which the court was required to exercise the broad discretionary power vested in it. Having done so, its action should not be disturbed on appeal. Cf. International Shoe Co. v. Lewine, 5 Cir., 68 F.2d 517; In re Miller, D.C., 5 F.Supp. 913.

The judgment of the district court is affirmed.