## In re WILDE.
### No. 77357.

District Court, S. D. New York.

July 9, 1942.

Benj. Siegel, of New York City, for trustee.

William C. Kronmeyer, of Union City, N. J., for bankrupt.

GODDARD, District Judge.

Trustee petitions for a review of an order of the Referee dismissing trustee's specifications and granting the bankrupt a discharge. The Referee found that the bankrupt kept complete books and records with respect to his business. Included in these records were items of money withdrawn by the bankrupt which were used for personal expenses. These covered household disbursements and gambling debts, both of which the Referee found to have been fully explained and accounted for.

The trustee contends that the bankrupt failed to keep books of account or records from which his financial condition might be ascertained because the bankrupt kept no record of his gambling transactions, and as gambling was a part of the bankrupt's business, a discharge should be denied.

The Bankruptcy Act contains no specific requirement that a record must be kept of a bankrupt's gambling transactions, nor does it require a denial of a discharge because a bankrupt has gambled.

Section 14, sub. c (2), of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c (2), provides that the court shall grant the discharge unless satisfied that the bankrupt has "destroyed * * * or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case".

The Referee found that the bankrupt's books and records "show clearly and distinctly what his business transactions were." The Referee also found that the bankrupt had satisfactorily accounted for all the moneys claimed by him to have been lost in gambling, and that his failure to keep written records of his gambling transactions was justified under all the circumstances.

"The grant of the discharge * * * is dependent upon the finding of the court that the failure to keep books was justified 'under all the circumstances of the case.' * * * If the facts do not disclose a positive duty to keep the books and records, * * * an order of discharge should not be disturbed. * * *" Texas National Bank v. Edson, 5 Cir., 100 F.2d 789, 791.

At one time the bankrupt said that he lost only $5,000 or $6,000 in gambling; later he testified that he had lost upwards of $17,000 in gambling. The trustee contends that the bankrupt has failed to make any explanation as to this discrepancy and

has thus failed to satisfactorily account for his losses and deficiencies, requiring the denial of a discharge.

However, the Referee found, after going into the matter in detail and seeing and hearing the bankrupt and several witnesses who were familiar with his gambling transactions, that the bankrupt actually lost the latter amount in gambling and that this amount has been fully and satisfactorily accounted for. These findings of the Referee must be accepted unless clearly erroneous. General Order in Bankruptcy, No. 47, 11 U.S.C.A. following section 53. The record does not indicate that his findings were clearly erroneous; therefore they will not be disturbed.

Accordingly, the petition to review is dismissed and the order of the Referee is affirmed.