**In re WELLIN.**

**WELLIN v. WICK.**

No. 8064.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1942.

Rehearing Denied Jan. 28, 1943.

Samuel L. Cohen and Morris K. Levinson, both of Chicago, Ill., for appellant.

Harry S. Greenstein, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from an order of the District Court, entered May 25, 1942, denying to appellant a discharge in bankruptcy.

An objection was filed by a creditor on the ground that the bankrupt "has failed to keep and preserve books of account or records from which his financial condition might be ascertained and which would disclose his various business transactions prior to the filing of his petition in bankruptcy." The matter was referred to a Referee who, after hearing the testimony of witnesses and arguments of counsel, made certain findings and ordered that the discharge be denied. Upon petition for review, the District Court, by the order appealed from, sustained the order of the Referee.

The findings of the Referee are as follows:

"That Ezra Wellin, Bankrupt, owned and operated the business known as Wellin Auto Body Company, located at 713 South Damen Avenue, Chicago, Illinois, for approximately twenty (20) years prior to the filing of the petition in bankruptcy herein by him; that in connection with the operation of said business, he purchased supplies and materials on credit and extended credit on his own accounts; that the said Ezra Wellin, Bankrupt, also owned and operated the real estate at 713 South Damen Avenue consisting of a two (2) story brick building; that the business conducted by the bankrupt known as Wellin Auto Body Company occupied the entire first floor of said premises; that at the time of the filing of the petition in Bankruptcy herein, the said bankrupt was indebted in the amount of approximately Ten Thousand Dollars ($10,000) for goods, wares and merchandise, supplies and materials purchased by him from time to time in connection with the operation and management of his said business and for money had and received; that the said Ezra Wellin, Bankrupt, failed to keep and preserve books of account or records from which his financial condition might be ascertained and which would disclose his various business transactions prior to his filing his petition in bankruptcy."

There is, as pointed out by appellant in his brief, the testimony of the bankrupt that most of his business was on a cash basis, that is, he collected cash for services rendered and paid cash for materials and merchandise received, and that he kept track of what he owed by sticking bills on the wall of his shop. The testimony of the bankrupt, however, is not inconsistent with the findings as made by the Referee.

Section 32, (sub. c), 11 U.S.C.A., authorizing discharges in bankruptcy, so far as here material provides: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case." There is no doubt in the instant case but that appellant failed to keep books. It is not contended otherwise, so the only question presented by the record is whether the District Court erred in sustaining the Referee's conclusion that such failure was not "justified under all the circumstances of the case."

Appellant cites a number of cases to the effect that the law should be liberally construed in the interest of a bankrupt, uneducated and without business experience, where there is no intent to violate the bankruptcy act. Spies v. Sytsma, 8 Cir., 56 F. 2d 520, In re Horwitz, 7 Cir., 92 F.2d 632, Hedges v. Bushnell, 10 Cir., 106 F.2d 979, and Newman v. Burnham, 6 Cir., 126 F.2d 336. These cases, however, furnish no support to appellant's contention that we as a reviewing court should reverse the finding and conclusion of a Referee sustained by the District Court.

In the Spies case, the order denying discharge was affirmed, the court on page 522 of 56 F.2d stating: "This question, of the right to discharge being addressed to the sound discretion of the trial judge, his decision will not be disturbed except in clear case of abuse of that discretion, or obvious mistake of law."

In the Horwitz case (a decision of this Court), the Referee reported favorably to the bankrupt's discharge, which report was overruled by the District Court and the discharge denied. This Court reversed, agreeing with the Referee, who had heard the testimony and had had the opportunity of observing the witnesses.

In the Hedges case, it is also pointed out that the Referee heard the evidence and recommended a discharge. The District Court, on review, without hearing any additional evidence, reversed the decision and denied the discharge. Here again the order of the District Court was reversed, and the Referee who had heard the testimony, sustained. The Court, on page 982 of 106 F. 2d, referring to the fact that no books had been kept, stated: "The bankrupt must carry the burden of showing that such failure was justified under all the circumstanc-

es of the case [citing authorities]." The Court, on the same page, said: "The statute lodges in the bankruptcy court a reasonably wide judicial discretion in determining whether the failure to keep or preserve books of account or records was justified under all the circumstances of the case, and ordinarily the determination of that question will not be disturbed on appeal except in case of gross abuse of such discretion [citing authorities]."

Again, in the Newman case, the Referee who heard the witnesses recommended a discharge which was denied by the District Court, which order was reversed upon appeal. Again the Court stressed the fact that the District Judge had not given sufficient weight to the findings of the Referee. On page 337 of 126 F.2d, it is stated: "Neither the District Judge nor this Court has had like opportunity. The Referee was, therefore, in superior position to rationalize upon the facts."

■ Thus, in every case relied upon by appellant (we need not mention those cited by appellee), the reviewing court has accepted the findings of the Referee, even though such findings were not approved by the District Court. It does not follow, of course, that the findings of the Referee are conclusive in every instance, but the authorities do disclose in forcible fashion the reluctance of reviewing courts to substitute their judgment for that of the Referee who has seen the witnesses and heard their testimony.

■ We, as a reviewing court, are not considering the issue raised by the appellant as an original proposition. It is not a question of what we might have done upon the evidence submitted to the Referee. Our function is to determine only whether there was such an abuse of discretion on the part of the District Court in sustaining the Referee's findings as to require a reversal. While the question involved is not free from doubt, we are unable to say that the order appealed from was erroneous, taking into consideration as we must the wide discretion reposed in the District Court, and the further fact that the bankrupt carried the burden of showing that his failure to keep books was justified.

The order appealed from is affirmed.

MINTON, Circuit Judge, (dissenting).

I am unable to agree with the majority opinion. The bankrupt, a Russian immigrant, ran a one-man shop. He usually paid cash for what he bought, and if not, the bills were kept sticking on a nail on the wall of his shop. The $10,000 indebtedness referred to in the majority opinion consisted for the most part of mortgages on his property. There is not one scintilla of evidence that a single creditor or the trustee was misled or was unable from such records as the bankrupt kept to ascertain his financial condition and business transactions. Everything was perfectly clear. He just did not keep books. The bankrupt had not sufficient education to keep books. His one-man shop did not require it.

The District Court and this Court hold in effect that unless one keeps books, one cannot get a discharge in bankruptcy. I am unable to agree with that proposition. A large portion of the people engaged in business in this country run one-man establishments, and make an honest effort to keep their affairs straight. In the case at bar, there is no showing that this bankrupt did not keep his business affairs straight. Neither is it shown that his records were kept in such manner that his financial condition and business transactions could not be ascertained therefrom. Failure to keep books was his besetting sin. That is not enough, I submit, to deny him his discharge. The keeping of books is not mandatory. The keeping of records is not mandatory. In re Bendix, 7 Cir., 127 F.2d 759; In re Marx, 7 Cir., 125 F.2d 335. Their absence or inadequacy is fatal to discharge only when, by reason of such absence or inadequacy, the financial condition of the bankrupt or his business transactions are not ascertainable. Only the absence of books is shown here. I cannot agree that that standing alone is fatal to discharge, and a decree denying a discharge on such a showing is, in my opinion, an abuse of discretion.

The judgment should be reversed.