## GOLD v. JOHN R. BLAIR CO.

### No. 305.

Circuit Court of Appeals, Second Circuit.

April 26, 1944.

Leo E. Sherman, of New York City, for John R. Blair Co., appellant.

Theodore Berkman, of Jamaica, N. Y. (Irving Lemov, of New York City, of counsel), for Abe Gold, bankrupt-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

John R. Blair Company, a creditor of the bankrupt, Abe Gold, filed two objections to the latter's application for a discharge:

First, that the bankrupt had "destroyed, concealed and failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained".

Second, that the bankrupt "permitted to be removed, destroyed or concealed his property with intent to hinder, delay, and defraud his creditors", by delivering to his wife checks received from persons owing him sums aggregating $20,000.

After hearing the testimony the referee overruled both objections in a lengthy opinion, and thereafter denied an application by the objecting creditor for a rehearing and for an opportunity to offer further evidence, and granted a discharge. The objecting creditor then filed a petition to review the decision of the referee. This petition was denied and the decision of the referee was affirmed by the district judge. The objecting creditor appeals from this order. In our opinion the order was right and should be affirmed.

The bankrupt was in the business of floor laying. He produced books which were incomplete because they did not contain a list of the contracts he was performing and also did not contain entries of amounts received from concerns indebted to him which aggregated $73,042.44, or nearly 25% of his total receipts during the two years preceding the filing of his voluntary petition in bankruptcy. He accounted for these moneys, however, by testimony of himself and his wife that the $73,-042.44 was represented by checks from his customers, which he gave to his wife, and which she cashed. She testified that she gave the proceeds to him, and that he disbursed the moneys in meeting pressing accounts payable and in meeting business contracts, payrolls, and some other small items. While the checks she cashed were not put through the husband's bank, the witnesses said that this was because his account did not have sufficient funds to respond to immediate demands of his business which he could meet by using the cash received through his wife's bank when she got the checks cashed. The referee believed this testimony and was satisfied with the explanation. The checks thus cashed were not entered in the bankrupt's regular books, but were listed on the stub of his checkbook, in which he also entered the disposition of the proceeds which he used to pay his creditors.

The testimony indicates that there were sufficient records of one kind or another to enable the bankrupt's financial condition to be ascertained. One book which contained a statement of the bankrupt's business contracts was not produced at the

hearing and was apparently missing, but was evidently not deliberately secreted. The accountant produced by the bankrupt testified that the bankrupt's condition could be ascertained from the records that were available.

We cannot say that under the circumstances the decision of the referee was clearly erroneous and feel impelled to sustain his decision, as the district judge did, as a proper exercise of his discretion. Hultman v. Tevis, 9 Cir., 82 F.2d 940; Hedges v. Bushnell, 10 Cir., 106 F.2d 979.

Order affirmed.