## BENJAMIN v. JASPAN.
### No. 403.

Circuit Court of Appeals, Second Circuit.
July 7, 1944.

Writ of Certiorari Denied Nov. 13, 1944.

See 65 S.Ct. 134.

Samuel Feldman, of New York City, for Shepard Benjamin, bankrupt-appellant.

Duberstein & Schwartz, of Brooklyn, N. Y., for Joseph Jaspan, as trustee in bankruptcy, objector-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order of the District Court which reversed an order of the referee in bankruptcy which had granted a discharge to the bankrupt Shepard Benjamin. The District Court sustained the second specification charging the bankrupt with a failure to preserve books of account of himself or the corporations in which he was interested from which his financial transactions might be ascertained. The referee, on the other hand, had held that this specification was not established because the bankrupt had been employed by the Borden Company as a salesman for six years before his bankruptcy and during that time was not required to keep accounts and because the books of the corporations in which he was interested were abandoned when the companies passed out of existence.

The schedules of the bankrupt set forth creditors to whom he incurred obligations during the years 1924 to 1937 aggregating more than $300,000 and no assets. The debts apparently were largely those of real estate companies, the stock of which belonged to him. He testified that these companies gradually lost their property through sale and foreclosure and that any moneys received by them were paid out to meet pressing obligations. One of the corporations known as the Caton Realty Co. acquired a lease, but in 1937 was dispossessed for non-payment of rent. The premises which it had occupied contained the books of these corporations. The bankrupt testified that the marshal came with ten or twelve moving men and put everything out on the street. He was asked:

"Did you make any effort to recover them?"
and answered:

"Truthfully I was so bewildered I just walked; that was the furthest thing in my mind at that time."

The examination continued thus:

"Q. You made no steps to take possession of the books or records? A. I was thinking of where my family would get the next meal and not the books.

"Q. So you took no step to take care of or preserve the books and records which were put out on the street? A. Correct, if you want to put it that way."

At another place in his testimony, however, the bankrupt stated that the books "were in existence last about three years ago." If this testimony was correct, it would seem that he knew of the whereabouts of his records some three years later than the time of his dispossession from the premises of the Caton Realty Co. But whichever account be the true one, this bankrupt is seeking a discharge from claims apparently arising out of very large financial real estate transactions and yet has not taken pains to have the records available whereby the disposition of his property may be traced. If he has obligations from which he seeks to be relieved by a discharge he should have preserved records from which his financial situation might have been made plain, instead of leaving his oral testimony about matters occurring many years before and an investigation for deeds and mortgages in the Register's Office and for judgments and foreclosures in the County Clerk's Office as the only means of information open to his creditors. His enterprises were too large to excuse conduct which was so careless and which indicated such little regard for the requirements imposed by the Bankruptcy Act upon persons seeking a discharge.

The order denying a discharge is accordingly affirmed.

CLARK, Circuit Judge, dissenting.

We have usually found it desirable to affirm a referee in granting a discharge based in the main upon his deductions as to the bankrupt's truthfulness in testifying and his not "clearly erroneous" findings of facts. Compare among cases this term: In re Kamelgarn, 2 Cir., 139 F.2d 1022; Popular Publications v. Nelson, 2 Cir., 141 F.2d 498; Gold v. John R. Blair Co., 2 Cir., 142 F.2d 209; Olson v. Weisbjerg, 2 Cir., 142 F.2d 558; Nadle v. Schulman, 2 Cir., 142 F.2d 557. I doubt if the circumstances here show sufficient grounds for deviation from this generally desirable course; but if so, the most we should do in the interests of fairness is to send the case back for further hearing before the referee. For the referee, believing in the bankrupt's explanations, curtailed his tes-

timony as to what the books might show and allowed no opportunity for explanation of the statement disclosing that the books were actually in existence long after their claimed abandonment. We should not allow a perhaps too favorable attitude of the trier to prove a trap when an appeal is taken from his decision.