## In re SILVERMAN.

### No. 45338.

District Court, E. D. New York.

Nov. 4, 1944.

Louis Horwitz, of Brooklyn, for bankrupt (opposed).

Henry W. Parker, of New York City, for objecting creditor (for motion).

BYERS, District Judge.

The bankrupt's petition to review is sought to be dismissed by the objecting creditor, Morris Plan Industrial Bank, whose opposition to discharge was sustained by the Referee.

The bankrupt is a laundry truck driver, who solicits his own customers, delivers their property to a laundry of his own selection, returns the cleansed articles, and collects the amount of the charges established by the laundry, and marked by him on the delivery ticket. From his collections he deducts 40% or 50%, depending upon the kind of work done, and pays to the laundry its percentage. He is licensed by the City, and pays his own operating expenses of his truck, which apparently he owns.

The facts are not in dispute, and indeed the evidence leaves no room for difference of opinion as to all incidents and financial aspects of his activity.

In the Referee's view, the bankrupt did not justify his failure to "keep * * * books of account or records, from which his financial condition and business transactions might be ascertained" as provided in Section 14 of the Bankruptcy Act, sub. c, 11 U.S.C.A. § 32, sub. c.

The sole question is whether, in view of the nature of his business activities, "the

court deems such * * * failure to have been justified under all the circumstances of the case". Id.

The Referee's decision is`that since the bankrupt handled about $6,000 per year he should have books or records showing the amount of his actual collections from his customers, as distinguished from the amount billed by the laundry, although there is no evidence that these amounts were not the same; and of his expenses of operating and maintaining his truck.

Since the laundry has a record of its charges, and the bankrupt accounts to it, there would be a needless duplication of records, if he also were to maintain a record of his gross collections, so far as the requirements of the laundry are concerned. Also the laundry must know whether the driver has made a proper deduction for his own compensation; that is, whether 40% or 50% applied to a given bill.

The driver having retained something between $2400 and $3,000 to provide for his truck maintenance and his net earnings, the question is whether a failure on his part to keep books of his own is fairly to be justified.

The testimony is uncontradicted that no persons following this calling, in this city, keep such books or records of their own; and further, that for income tax purposes an experienced accountant employed by many laundries, and who has become familiar with the business through the years, made out some 80 or 90 returns for these so-called agent-drivers for 1943, including this bankrupt, and computed the figures appropriate for inclusion therein, having first procured an interpretation from the U. S. Treasury as to the proper procedure for such computation.

Concededly the deductions representing costs of vehicle operation are computed on experience, not on exact figures, but the testimony of the accountant is that returns prepared by him have been accepted for years, that he "never had one come back".

This is not contradicted, and indicates that, as a practical matter, the public interest in whether such agent-drivers keep individual books cannot be said to have been shown.

So far as creditors are concerned, it would seem to be sensible to conclude that the nature and extent of the bankrupt's business activities ought to point the way to decision. If such an agent-driver maintains transactions involving the extension of credit, then requisite books or records, reflecting the data upon which credit may be granted or refused, ought to be available; and a failure to produce them would necessarily be fatal to discharge.

The words of the statute cannot be ignored, for it is not only the bankrupt's "financial condition" but also his "business transactions" which are to be ascertained. Those transactions may be of one nature by one agent-driver, and of another nature by a different one.

Thus, if he were engaged in gambling operations such as were shown in Klein v. Morris Plan Industrial Bank, 2 Cir., 132 F. 2d 809, 144 A.L.R. 1278, or stock speculation as in Re Underhill, 2 Cir., 82 F.2d 258, his financial condition and business transactions should be reflected in books or records. See also In re Wilde, D.C., 48 F. Supp. 230, and In re Bank, D.C., 34 F.Supp. 706.

In other words, the fact that this bankrupt is a so-called agent-driver in the laundry business, without more, is not sufficient of itself to bring him within the requirements which have been quoted from Section 14 of the Act. The testimony in this record supports the conclusion that this bankrupt's failure to keep and produce such books or records is deemed to have been justified under all the circumstances shown, since his business transactions were confined within the strict limits of collecting and delivering laundry on a commission basis.

It is not without significance that the Morris Plan Industrial Bank, the objecting creditor, did not allege any false financial statement by the bankrupt in connection with a loan.

Petition to review sustained, and bankrupt's discharge granted. Settle order.