## In re BENJAMIN.
### No. 43794.

District Court, E. D. New York.

Feb. 19, 1945.

Archibald Palmer, of New York City, for bankrupt.

Duberstein & Schwartz, of Brooklyn, N. Y., for trustee.

GALSTON, District Judge.

This bankrupt was denied a discharge, Benjamin v. Jaspan, 2 Cir., 144 F.2d 58, from various debts and claims including those apparently arising out of large financial real estate transactions, because he had not taken care to have records available whereby disposition of his property could be traced. In other words, the discharge was denied because of his failure to preserve books from which his financial situation might be ascertained.

The bankrupt now seeks, under the somewhat thinly disguised allegation of newly discovered evidence, to establish that he did not destroy or conceal the books and records of the corporations which he controlled. It is alleged in this petition that when the city marshal and a moving man arrived for the purpose of dispossessing the petitioner, he telephoned his brother-in-law, Jack Strobing, to come over to assist him, for he was in "a dazed and bewildered condition". He now says that Strobing, for the first time in March, 1944, told him he had gathered together the papers and books and placed them in cartons and called a storage warehouse to remove and store them among other personal belongings of the bankrupt. It is alleged that the storage company did remove the property and books and issued a receipt to Strobing in Strobing's name. There is annexed to the bankrupt's present affidavit a letter from the warehouse dated December 22, 1944, in which it is said that a receipt for various articles and files was given to Strobing and that "on Nov. 20, 1937 we sold these articles at public auction * * *. We cannot give you any further information as to the contents of these articles * * *."

It is to be noted that this letter makes no reference to books or records. There is no supporting affidavit from Strobing, nor do the moving papers include a copy of an alleged letter from the storage warehouse company to the former attorney of the bankrupt, which he says he received in March, 1944. Neither is the warehouse receipt to Strobing produced.

It is significant that though the public auction of the various articles which were stored with the warehouse company was held on November 20, 1937, the bankrupt testified at a hearing before the referee held March 30, 1943, referring to the books

and records of his various corporations: "Q. When were those books last in existence? A. They were in existence last about three years ago". That testimony cannot be reconciled with the present contention that the books and records were among the articles sold by the storage company in 1937, and of which sale the bankrupt said he had no knowledge until March, 1944.

The motion to reopen the proceedings is accordingly denied. Settle order on notice.