## In re MARGOLIN.
### No. 46104.

District Court, E. D. New York.

Jan. 23, 1946.

Louis P. Rosenberg, of Brooklyn, N.Y., for bankrupt.

George M. Arouwald, of New York City, for Julius S. Moskowitz, objecting creditor.

GALSTON, District Judge.

Over the specifications of objections of a creditor, the referee granted a discharge to the bankrupt. At the argument, on a motion for an order reversing the referee, the objecting creditor stood only on two grounds; one that the bankrupt failed to keep books of account, and secondly that he made false financial statement to the General Public Loan Company at the time that he obtained a loan from that company.

The referee found that the objecting creditor had failed to sustain the first specification of objection and that finding is amply sustained by the referee. The bankrupt was employed as a milk driver.

It is true that he tried for a short time to conduct a business for himself in 1941 under the name of Norman Manufacturing Company. That lasted for a matter of less than two weeks. He had no employees and it certainly was not necessary, from the negligible activity of that enterprise, to maintain a set of books or accounts during that period.

As a milk driver he was merely a wage earner, and so hardly required to keep books of accounts to entitle him to a discharge. See Baily v. Ballance, 4 Cir., 123 F.2d 352; In Re Neiderheiser, 8 Cir., 45 F. 2d 489, 73 A.L.R. 1152; Matter of Silverman, D.C., 57 F.Supp. 607.

The second or remaining specification of objections presents greater difficulty. On or about December 22, 1939, he applied for a loan of $300 from the General Public Loan Company. He furnished a financial statement to that company but failed to list two judgments which had been obtained against him and which remained unsatisfied. It was admitted at the argument that the statement was false, and indeed that was the finding of the referee. The real question presented then is whether the lending company relied upon the false statement in granting the loan.

A branch manager of the lending company testified that the office relied upon the information contained in the financial statement made by the bankrupt. He also testified that at the time the loan was made, he had no knowledge of the existence of the judgment obtained by the objecting creditor, Moskowitz. That judgment had been obtained in December, 1936. Nor did the witness know at the time of the making of the loan, that Gimbel Brothers had obtained judgment against the bankrupt in the sum of $233.45. The witness admitted that the lending company was in the habit of making its own independent investigation in respect to possible outstanding judgments. Bergen, the witness, was asked this question, which, though bad in form, was not objected to:

"Q. If a statement is given and shows up no judgment, and if your independent investigation shows up a judgment, yes or no, would you make the loan? A. If it showed up a judgment I would not make the loan."

He also testified that no memorandum of a representative was noted on the bankrupt's application. Such a memorandum

214

would, according to the practice of his office, have appeared on the application at the time when it was submitted to him for his approval.

The bankrupt testified that on the occasion of his second visit to the offices of the General Public Loan Company he was told by a representative "that the application looked pretty bad * * *. It is pretty lousy and I don't know whether we can give you a loan, but I will see what I can do." At that time he was asked what furniture he had, and the interviewer said: "perhaps I can get a loan if you give us a chattel mortgage on the furniture." This representative, so said the bankrupt, said that he had found the Moskowitz judgment. In passing it must be noted that on the financial statement furnished by the bankrupt, opposite the item "We owe other loan companies exactly ———," the bankrupt had inserted the word "none" and after the interview with someone at the loan company's office, that was stricken out and $70.14 inserted in Johnson's handwriting. I cannot understand then why, if the bankrupt's attention was called to this item of $70.14 in Johnson's handwriting, and if Johnson had at that time knowledge of the Moskowitz judgment, a correction was not also made in the financial statement to include the Moskowitz and Gimbel judgments. I cannot, therefore, sustain the referee's seventh finding of fact, which while reciting the balance due to the Food Dealers' Loan & Investment Co. "of approximately $70," went on to state that the representatives of the General Public Loan Company in their investigation had disclosed an unpaid judgment in favor of Moskowitz.

I am well aware of the rule which requires the district court to sustain a finding of fact by the referee unless clearly erroneous. In this case, however, as has been indicated, the only support the finding has is the testimony of the bankrupt; but it is contradicted by the bankrupt's financial statement and application for the loan and the only notation thereon of the lending company.

In the circumstances, following In re Ernst, 2 Cir., 107 F.2d 760, and Berley v. Fiol, 2 Cir., 124 F.2d 676, the bankrupt should be denied his discharge. The order of the referee is reversed as to the Third specification of objections.

Settle order on notice.