942

**In re PINKSTON.**

No. 4255.

United States District Court
N. D. Texas, Dallas Division.

Nov. 16, 1950.

Chaney, Davenport & Irwin, Dallas, Tex., for bankrupt.

Ralph Currie, Dallas, Tex., for trustee.

ATWELL, Chief Judge.

The trustee filed an objection to the discharge of the bankrupt, on the ground, "that the bankrupt had destroyed, mutilated, falsified, concealed, or, failed to keep books of accounts from which his financial condition and business transactions might be ascertained.

The bankrupt denied the charge, and plead alternatively, "that if it should appear to the court that he has failed to keep complete or adequate books of account, or, during any portion of the time pertinent hereto, then such failure as there may have been, was justified under all existing circumstances."

At a regular hearing, which was suggested by the court, before the Referee, it appeared that up to 1942 the bankrupt, who

was engaged in a rather extensive insurance business, kept an informative ledger showing his business transactions. After that time there was no such accuracy nor detailed bookkeeping.

He kept a little memorandum later on which would point to certain state court records of cases and judgments in which he was interested.

■ The judicial discretion to overlook the keeping of accurate books and records as provided by the statute, is for the protection of persons of small and limited transactions.

The Referee has heretofore denied a discharge. That order, the court thought was rather premature and sent the matter back to the Referee for the purpose of hearing the defense to the charge made by the trustee. The trustee's charge being filed on the day the discharge hearing was set, to-wit, September 6th, the bankrupt had no opportunity to be heard.

Upon the second hearing, the Referee again recommended against a discharge.

The amendment to the Bankruptcy Act, 11 U.S.C.A. §§ 32, 66, allows the Referee or the court to grant a discharge. The practice has been in this division for the court to grant discharges.

His voluntary petition showed total liabilities of $29,563.91, but he listed $77,240.-37 as assets. He listed cash on hand of $52.91. $45.00 of this was used for filing fee, and the balance he appropriated to his personal use, but later handed the amount to the Trustee.

Out of this large schedule of assets, the trustee has been able to secure $188.80, and has not been able to secure even an offer on the remainder. The bankrupt is a salaried man.

■ A discharge is a matter of right and is addressed to the discretion of the District Court. This right should be liberally construed. It is an unqualified right, but depends upon a compliance by the bankrupt, with the statute.

The old statute included the words, "with intent to conceal his financial condition". Those words were omitted in the amendment such as we have it today. This, of course, relates to the failure to keep books. Also, the words, "unless the court, deems such acts or failure to have been justified under all the circumstances of the case", were added in the amendment.

■ The burden of proving justification is placed upon the bankrupt. Nix v. Sternberg, 8 Cir., 38 F.2d 611, 613. Certiorari denied, 282 U.S. 838, 51 S.Ct. 282, 75 L.Ed. 744.

■ The discharge in bankruptcy is a legal right, and the burden is on the objector to establish facts to prevent discharge. Baash-Ross Tool Company v. Stephens, 9 Cir., 73 F.2d 902. The Act must be construed strictly against the objector and liberally in favor of the bankrupt. Royal Indemnity Company v. Cooper, 4 Cir., 26 F. 2d 585. Morris Plan v. Henderson, D.C., 57 F.2d 326. In re Horwitz, 7 Cir., 92 F.2d 632; Albinak v. Kuhn, 6 Cir., 149 F.2d 108.

It has already been noticed that the last phrase of the statute provides that "unless the court deems such acts or failure to have been justified under all the circumstances of the case". That phrase follows wording which includes, "preserve books of account or records, from which his financial condition and business transactions might be ascertained".

The record shows that up to May, 1942, he did keep a very good set of books. After that his business ceased and such "accounts or records" were memoranda which he turned over to the trustee. That little book disclosed the name of the creditor and the amount of court costs; it being shown that after he went out of business in May, 1942, he then sought to collect what was due him and filed many suits.

It was during this time he began, and, is now, a wage-earner, and not an insurance seller or agent.

■ It would appear, under this proviso, that the court, within the confines of right and justice, is authorized to decide an act in accordance with what is fair, equitable, and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and

experience, guided by the spirit, principles, and analogies of the law, which must be exercised in accordance with a wise, as distinguished from, a mere arbitrary, use of power, and under the law.

 Having gone out of business, and with nothing left to do connected therewith, save the collection of many small accounts, of which he kept a memorandum, and which he turned over to the trustee, and which gives sufficient information to identify and find the pending suit and judgment, this clause of the law may find expression in giving it vitality. Texas National Bank of Beaumont v. Edson, 5 Cir., 100 F.2d 789.

Bankrupt should be, and is, discharged.